UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

ANTONIO SUSTAITA,               )
                                )
            Plaintiff,          )
                                )
    v.                          )      Case No. 14-2048
                                )
KEVIN P. NOLAN, *et al.*,       )
                                )
            Defendants.         )

## MERIT REVIEW OPINION

The plaintiff, proceeding pro se and incarcerated in the Hill Correctional Center was granted leave to proceed in forma pauperis in this civil case. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).

The Court has reviewed the Complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the Court.

The court cannot rule out a Fourth Amendment claim for false arrest, based on the plaintiff's allegations that the defendants arrested the plaintiff despite knowing that the charges in Illinois against the plaintiff had been dismissed for lack of probable cause years before. Additionally, the plaintiff states plausible constitutional claims that he was subjected to inhumane conditions of confinement at the Douglas County Jail, and a possible claim that the Douglas County defendants retaliated against the plaintiff for challenging his confinement. The plaintiff also alleged that his criminal defense attorney conspired with the Douglas County defendants to prevent the plaintiff from contacting his attorney or otherwise challenging his confinement. How the alleged violation of interstate detainer agreement is relevant to these claims must await a more developed record. Issues of immunity and personal responsibility better await input from the defendants. However, the Warden of Hill Correctional Center will be dismissed because no plausible inference arises that he was personally involved in any of the cognizable claims. The plaintiff is advised that the Court cannot serve "Doe" defendants. The plaintiff is responsible for sufficiently identifying any Doe defendants.

To the extent the plaintiff's claims challenge his current incarceration, the plaintiff cannot purse those claims in an action under 42 U.S.C. § 1983. The federal

route for challenging custody is through a habeas corpus action after the exhaustion of state court remedies." *Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003). Therefore, any claims the plaintiff makes which, if true, necessarily imply that his conviction is invalid, cannot proceed in this case.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that the plaintiff states the claims identified above, and this case will proceed solely on those claims. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) Defendant Henderson is dismissed.

3) This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

4) The Court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5) With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the Clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) The defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The Court does not rule on the merits of those positions unless and until a

motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

7) This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the Clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

9) The plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) If a defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11) The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12) The clerk is directed to attempt service on the defendants pursuant to the standard procedures.

ENTER: May 8, 2014

/s/ Harold A. Baker

HAROLD A. BAKER

U.S. DISTRICT JUDGE